3
Douglas M. Whatley, Chapter 7 Trustee
P.O. Box 538
Folsom. CA 95763-0538
Tel: (916) 358-9345
E-mail: 2dougwhatley@gmail.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re: | Case No. 11-27237 |
|---|---|
| ALBERTO TREVINO GARCIA and REBECCA GARCIA, | DCN: DMW - 2<br>Date: November 16, 2011<br>Time: 10:00 AM |
| Debtor(s). | Courtroom: 34 |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**
**(11 U.S.C. §363)**

The undersigned, Douglas M. Whatley, the court-appointed Trustee in the above-referenced case, hereby requests that this Court approve the sale of the Bankruptcy Estate's interest in a 2003 Chevrolet Silverado 3500 flat bed pickup truck with 170,000 plus miles. The Trustee respectfully represents the following:

1. Debtors filed for relief under Chapter 7 of Title 11, United States Bankruptcy Code, on March 24, 2011, and an order for relief was entered thereon.

2. Douglas M. Whatley was appointed as the Interim Trustee on or about March 24, 2011, is duly qualified, and is presently serving as Trustee under the above-captioned case.

3. The Debtors' failed to mention the possession of the above referenced asset on Schedule B which was filed with the court with the commencement of the case.

4. On May 5, 2011 at the 341 hearing, the Trustee discovered the debtor's possession and ownership interest in the 2003 Chevrolet Silverado, the sale of a powder coating business and equipment, and extensive restaurant equipment at the debtors' place of business.

5. A creditor for the powder coating business appeared at the 341 hearing and provided a copy of the U.C.C. 1 filing pertaining to the equipment associated with said business.

6. On or about June 1, 2011, the Trustee went to the debtors' place of business and discovered restaurant equipment and other business furnishings.

7. On June 17, 2011 the Trustee drove to the debtors home and business and discovered a 1954 Chevrolet pickup and a boat. Neither of which were listed on the schedules. It was later found that the boat title was not in the debtors' name.

8. The discovery of the undisclosed assets were conveyed to debtors' counsel and efforts were made to resolve disclosure and resolution of the issues.

9. On or about August 22, 2011 Trustee contacted West Auctions and secured the restaurant equipment and vehicle from the debtors' home.

10. On August 31, 2011 the Trustee received a U.C.C. 1 filing for the restaurant equipment from Borregio Springs Bank. Arrangements were made between West Auctions and Borregio Springs Bank to return items to the holder of the U.C.C. 1.

11. On September 8, 2011, the Trustee filed an application to employ West Auctions for the sale of the 1954 pickup truck. The debtors expressed an interest in repurchasing the 2003 Chevrolet 3500 truck.

12. The auctioneer estimated the vehicle would sell at auction for approximately $7,000.00-$10,000.00. The debtors exempted $3,500 on under section C.C.P. §703.140(b)(5), leaving an equity of $3,500.00-$6,500.00.

13. Debtors submitted a written offer to buy back the equity in said vehicle for the sum of $6,000.00 payable in 12 equal installments.

14. On September 1, 2011 the Trustee drafted a settlement agreement which was executed by all parties on September 7, 2011. See Exhibit 1.

15. The undersigned Trustee believes that the immediate liquidation of the non-exempt personal property as shown above is in the best interest of the Bankruptcy Estate. This proposed sale would alleviate the typical auctioneer's sales commissions, costs and expenses attendant to a public auction. Therefore, the Trustee requests the approval from this Court to sell the aforementioned personal property to the debtors for the terms as stated in the executed "Purchase and Sale Agreement."

16. At the Court hearing, the Trustee will request that the Court solicit overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $100.00 from qualified

bidders who must contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within 24 hours after the Court hearing is concluded.

WHEREFORE, the undersigned Trustee respectfully requests that this Court approve the sale of the aforementioned personal property to the Debtor(s) in the manner stated herein; for authority to execute all documents necessary to complete the contemplated sale; and, for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: October 12, 2011      /s/ Douglas M. Whatley
Douglas M. Whatley, Chapter 7 Trustee